# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Gregory Richardson,<br><br>     Petitioner<br><br>v.<br><br>Bean, *et al*.,<br><br>     Respondents | Case No.: 2:24-cv-01297-APG-NJK<br><br>**Order Directing Service of Petition and Granting Motion for Appointment of Counsel** |

Gregory Richardson has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus and has now paid the filing fee. ECF Nos. 1-1, 3. Richardson seeks to challenge his conviction in Eighth Judicial District Court (Clark County) of twelve counts, including attempted murder with use of a deadly weapon, battery with a deadly weapon causing substantial bodily harm, and first-degree kidnapping with use of a deadly weapon in connection with the 2018 armed robbery of a Las Vegas jewelry store. I have reviewed the petition pursuant to Habeas Rule 4, and I direct that it be docketed and served on the respondents. I also grant Richardson's motion to appoint counsel. ECF No. 1-2.

A petition for federal habeas corpus should include all claims for relief of which the petitioner is aware. If the petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If the petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Turning to Richardson's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640,

642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, a jury convicted Richardson of numerous serious charges, and he is serving a sentence that amounts to life without the possibility of parole. It appears that some of his claims may be complex. In order to ensure due process, I grant his motion for counsel.

I THEREFORE ORDER that the Clerk of Court file and electronically serve the petition [ECF No. 1-1] on the respondents.

I FURTHER ORDER that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for the respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

I FURTHER ORDER that the Clerk file petitioner's motion for appointment of counsel [ECF No. 1-2].

I FURTHER ORDER that petitioner's motion for counsel is granted.

I FURTHER ORDER that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner.

I FURTHER ORDER that the Clerk electronically serve the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus. ECF No. 1-1. The FPD has 30 days

from the date of entry of this order to file a notice of appearance or to indicate to the court its

inability to represent the petitioner in these proceedings.

I FURTHER ORDER that after counsel has appeared for the petitioner in this case, the

court will issue a scheduling order, which will, among other things, set a deadline for the filing

of an amended petition.

DATED this 8th day of August, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE