UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gregory Richardson,<br><br>    Petitioner<br><br>v.<br><br>Bean, *et al.*,<br><br>    Respondents | Case No.: 2:24-cv-01297-APG-NJK<br><br>**Order Granting Motion for Leave to File Second Amended Petition**<br><br>[ECF No. 13] |

The Federal Public Defender, counsel for 28 U.S.C. § 2254 habeas corpus petitioner Gregory Richardson, has filed a protective first amended petition and a motion for leave to file a second amended petition. ECF Nos. 12, 13. I find good cause to grant the motion for leave to amend.

Richardson filed a first amended petition before the date the FPD calculated that the AEDPA statute of limitations expired, for the purpose of preserving all potential claims pending counsel's full investigation of the case. ECF No. 13. Richardson contemporaneously seeks leave to file a second amended petition. Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reflects a "policy of favoring amendments to pleadings," and courts should apply that policy "with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (quoting *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960)). When a court evaluates a request for leave to amend, a court may consider bad faith, undue delay, previous amendments on the part of the petitioner, potential

prejudice to the opposing party, and whether amendment is futile. *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004).

Richardson acknowledges that Local Rule 15-1(a) generally requires a party that moves to amend a pleading to attach the proposed amended pleading to the motion. Richardson explains that the investigation into his case is ongoing, including that the investigator is in the process of locating and interviewing witnesses. Richardson asserts that a second amended petition that reflects counsel's considered judgment on various issues, such as whether to clarify certain claims or omit certain claims, may be more succinct and targeted and would therefore streamline proceedings moving forward.

The court has authorized such a "two-step" procedure in prior cases in situations where time potentially remains in the federal limitation period at the time of the appointment but that period may expire prior to a full opportunity for investigation by counsel. *See, e.g., McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (approving and explaining the court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation). A second amended petition drafted after counsel's investigation and further consideration of the potential claims serves judicial efficiency. So I grant the motion for leave to file a second amended petition.

I THEREFORE ORDER that the petitioner's motion for leave to file a second amended petition **[ECF No. 13] is GRANTED**. The petitioner has **90 days** from the date of this order to file and serve the second amended petition. The briefing schedule thereafter is as described in the court's order dated September 10, 2024, at ECF No. 9.

I FURTHER ORDER that the respondents' motion for extension of time to file a response to the first amended petition **[ECF No. 16] is DENIED** as moot.

DATED: July 16, 2025

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE