**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| GREGORY RICHARDSON,<br><br>Petitioner,<br><br>v.<br><br>JEREMY BEAN, *et al.*,<br><br>Respondents. | Case No. 2:24-cv-01297-APG-NJK<br><br>**Order Granting Motion for Leave to File Exhibits Under Seal**<br><br>**[ECF No. 39]** |

In this habeas corpus action, on June 8, 2026, the respondents filed several exhibits. ECF Nos. 28–39. They filed two of those exhibits—Exhibits 37 and 39—under seal, and they properly filed a motion for leave of court to do so. ECF Nos. 39, 40. Petitioner Gregory Richardson, who is represented by appointed counsel, did not respond to that motion. The exhibits Respondents propose to file under seal are a presentence investigation report and victim impact statements. While there is a strong presumption in favor of public access to judicial filings and courts prefer that the public retain access to them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). The presentence investigation report and victim impact statements contain sensitive confidential information that could be used for improper purposes. Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. *See* NRS 176.156(5). In view of the state law and considering the nature of the information in these exhibits, I find that there are compelling reasons for them to be filed under seal, and I will grant this motion.

I THEREFORE ORDER that Respondents' Motion for Leave to File Exhibits Under Seal **[ECF No. 39] is GRANTED**. As the exhibits in question—Exhibits 37 and 39—have already been filed under seal (ECF No. 40), no further action is necessary in this regard.

I FURTHER ORDER that, pursuant to Federal Rule of Civil Procedure 25(d), Jeremy Bean is substituted for "Bean" as the respondent warden. The Clerk of Court is directed to update the docket to reflect this change.

DATED THIS 9th day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2